UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY WAYNE HANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-160 |
| ) | (Phillips) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY and O. RICK WEBSTER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon defendants' motion to stay enforcement of the Court's judgement order [Doc. 83], defendants' motion for approval of bond and for stay of the Court's judgment order pending appeal [Doc. 88], and defendants' supersedeas bond for stay of money judgment and order of reinstatement [Doc. 90].

In the subject matter, the Court previously ordered back pay and reinstatement on March 23, 2007. Thereafter, the defendants filed a notice of appeal [Doc. 87] on April 9, 2007. The automatic stay expired on April 6, 2007. The defendants now move to stay the monetary judgment and the reinstatement of plaintiff pending the appeal or in the alternative, for the Court to stay the judgment order until the Sixth Circuit Court of Appeals rules on any further request to stay the judgment pursuant to Rule 8 of the Federal Rules of Appellate Procedure.

1

Defendants' first motion to stay enforcement is premised upon plaintiff's motion to alter or amend the judgment to which the plaintiff later withdrew. The defendants made the argument that under Rule 62(b) of the Federal Rules of Civil Procedure, the Court may stay execution of judgment when there is a pending motion to alter or amend a judgment. Since plaintiff's motion has been withdrawn, defendants' first motion [Doc. 83] is **DENIED as moot**.

With respect to the second motion [Doc. 88], the defendants move the Court under Rules 62(a), 62(c), and 62(d) of the Federal Rules of Civil Procedure for an order approving their supersedeas bond and staying the execution or enforcement of the judgment pending the appeal. As to a stay of monetary damages, Rule 62(d) states as follows:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

It is well established that "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 491 (6th Cir. 2003) (quoting *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C.Cir.1980)) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.*, 385 U.S. 931(1966)).

As to the stay of reinstatement, a defendant is clearly not *entitled* to a stay of an injunction or injunctive type remedies as a matter of right. Rule 62(d) provides for stay of

2

judgment and supersedeas bond pending appeal "subject to exceptions contained in subdivision (a) of this rule." That subdivision in turn refers to subdivision (c) for the particular rule on injunctions. This rule vests discretion in the court, sitting in equity, to stay an injunction pending appeal under such conditions it deems proper for protection of the rights of the adverse party. A court will therefore consider a motion, as addressed, to its sound discretion, and will examine contentions in the light of insuring justice to the parties of a lawsuit. *Yamaha Intern. Corp. v. United Furniture Workers of America*, 892 F.2d 80 (6th Cir. 1989) (*citing Dewey v. Reynolds Metals Co.,* 304 F.Supp. 116, 1118-19 (D.C. Mich. 1969)) (holding that, where a judgment includes both a money award and the grant or denial of an injunctive remedy, it is discretionary with the court whether to allow a stay on the injunctive remedy); *see also* 11 Wright & Miller*,* at 325-26.

In deciding whether to stay reinstatement, a court may look to four factors: (1) whether defendant has made a strong showing that it is likely to succeed on the merits of the appeal; (2) whether a defendant will suffer irreparable injury if no stay is granted; (3) whether a stay would substantially harm a plaintiff; and (4) the public interest. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

The defendants argue under all four factors in support of their contention that the judgment should be stayed and that the Court should accept the $750,000 bond. The plaintiff requests the Court to deny the defendants' prayer for stay of reinstatement and asks that the defendants be required to increase their proposed bond of $750,000 to at

3

least $850,000.

After careful consideration of the arguments, the Court finds that defendants' request for stay of the judgment, with respect to both the reinstatement and the monetary award, is warranted.[1] Accordingly, defendants' request for stay of the Court's judgment [Doc. 88] is **GRANTED**. With respect to defendants' motion for approval of bond [Doc. 88] and defendants' supersedeas bond for stay of money judgment and order of reinstatement pending appeal [Doc. 90], the said motions are **GRANTED in part and DENIED in part**. The Court will require the defendants to increase their supersedeas bond from $750,000 to $800,000.

**IT IS SO ORDERED.**

                            **ENTER:**

                            s/Thomas W. Phillips
                            UNITED STATES DISTRICT JUDGE

---

[1] However, in the Court's analysis regarding the stay of judgment, the Court clearly feels that the defendants are not likely to succeed on the merits of the appeal.