UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY WAYNE HANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-cv-160 |
| ) | (PHILLIPS/GUYTON) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, UNITED ) | |
| TRANSPORTATION UNION, and ) | |
| O. RICK WEBSTER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 118] of the Honorable Thomas W. Phillips, United States District Judge, for a report and recommendation on the Plaintiff's Application for Attorney Fees and Costs [Doc. 94] and Motion for Attorney Fees and Litigation Expenses. [Doc. 98.] For the reasons set forth below, the undersigned **RECOMMENDS** that the plaintiff Kelly Wayne Hance be awarded **$145,887.50** in attorneys' fees and **$5,001.57** in costs.

## I.    BACKGROUND

The plaintiff, Kelly Wayne Hance ("Hance"), brought this action in April, 2004, alleging three claims. [Doc. 1.] In Count I, Hance asserted a claim against defendants Norfolk Southern Railway Company ("Norfolk Southern") and United Transportation Union ("UTU") under the Railway Labor Act, 45 U.S.C. §§ 151, et seq. (the "RLA"), seeking to vacate and set aside the Public Law Board's arbitration award for lack of jurisdiction. [Doc. 1.] Count II alleged that

Norfolk Southern and defendant O. Rick Webster ("Webster") violated the rest provision of the Uniformed Services Employment and Reemployment Act, 38 U.S.C. §§ 4301, et seq. ("USERRA"), by ordering Hance to report back to work at 7:00 a.m. on July 30, 2001. [Doc. 1.] Count III alleged that Norfolk Southern and Webster violated the USERRA by wrongfully terminating Hance because of his military service. [Doc. 1.] At this stage of the litigation, Hance was represented by attorney Gregory A. Stayart ("Stayart"). [Doc. 1.] Defendants Norfolk Southern, Webster, and UTU all answered, denying liability. [Docs. 8, 20.]

On June 10, 2004, defendant UTU filed its motion to dismiss [Doc. 7.], to which Hance responded [Doc. 28], and UTU replied. [Doc. 29.] On September 2, 2004, Hance filed motions for partial summary judgment on Counts I and II of the complaint [Docs. 15, 17], to which UTU responded. [Doc. 24.] On October 4, 2004, Norfolk Southern and Webster filed their motion for partial summary judgment as to Counts I and II [Doc. 26], to which Hance responded [Doc. 30], and Norfolk Southern and Webster replied. [Doc. 32.] On May 19, 2005, discovery was stayed for ninety days to allow the District Court time to dispose of all pending dispositive motions. [Doc. 37.]

On June 7, 2005, the District Court entered an Order granting UTU's motion to dismiss, granting Norfolk Southern and Webster's motion for partial summary judgment as to Counts I and II, dismissing UTU as a defendant, denying plaintiff's motions for partial summary judgment as to Counts I and II, and removing the stay on discovery. [Doc. 42.]

On February 24, 2006, Norfolk Southern and Webster filed their Motion for Summary Judgment as to Count III. [Doc. 47.] On that same day, attorneys Phillip L. Davidson ("Davidson") and K. Cody Allison ("Allison") entered a notice of appearance on behalf of Hance. [Doc. 49.] Attorney Stayart never filed a motion to withdraw from the case, but he was fired by

2

Hance sometime in February, 2006. [Doc. 98 at ¶ 47.] On March 14, 2007, Hance, now represented by attorneys Davidson and Allison, filed a response to the defendants' motion for summary judgment [Doc. 50], to which the defendants replied. [Doc. 51.] Hance did not file a cross-motion for summary judgment. On May 17, 2006, the District Court denied the defendants' motion for summary judgment as to Count III [Doc. 56], and the case proceeded to trial.

On June 27, 2006, the District Court commenced a two day bench trial. [Docs. 71, 72.] After the trial, the parties submitted proposed findings of fact. [Docs. 76, 77.] On March 23, 2007, the District Court entered Judgment in favor of Hance, reinstating him to his former (or a similar) position, awarding him back pay and lost benefits, with pre-judgment interest, in the amount of $352,845.93, and ordering the defendants to reimburse Hance for his reasonable costs and attorneys' fees. [Doc. 80.]

On April 10, 2007, the defendants filed a notice of appeal. [Doc. 87.] On April 19, 2007, the District Court entered an Order staying execution of judgment pending the appeal. [Doc. 92.] The instant motions for attorneys' fees, as well as the accompanying affidavits, responses, and replies, all followed. [Docs. 94-108, 114, 116-117.] The Court has considered the instant motions and related filings, and the matter is now ripe for adjudication.

## II. ANALYSIS

### A. Positions of Parties

The Court is faced with two applications for attorneys' fees: the application of attorney Stayart, for his work from August, 2003, through February, 2006, and March, 2007, through April, 2007; and the petition of attorneys Davidson and Allison, for their work on the case from February, 2006, through April, 2007. Stayart has filed a motion for attorney's fees and costs [Doc.

3

98], a declaration in support of the motion [Doc. 98], a memorandum in support of his motion [Doc. 99], an itemized list Stayart's time spent and costs incurred [Doc. 100], as well as other supporting documentation, much of which is duplicative. [Docs. 101-108.] Davidson and Allison have also filed a motion, with supporting memorandum, for fees and costs [Doc. 94] and affidavits in support of the motion. [Docs. 95-97.] The Court also notes that an itemized list of the time spent and expenses incurred by Davidson and Allison is attached to each attorney's affidavit. [Docs. 96, 97.]

Attorney Stayart seeks to be reimbursed for 412.75 hours at $250.00 per hour, for a total of $103,187.50, and for $2,531.26 in litigation expenses. [Docs. 98, 100.] Attorney Davidson seeks to be reimbursed for 136.05 hours at $200.00 per hour, for a total of $27,210.00. [Doc. 97.] Attorney Allison seeks to be reimbursed for 273.9 hours at $200.00 per hour, for a total of $54,780.00. Hance has also identified an additional $2,470.31 of expenses incurred. [Doc. 95.] The total amount sought in this matter is $185,177.50 in attorneys' fees and $5,001.57 in litigation expenses.[1]

The Defendants have raised multiple objections to the proposed attorneys' fees and costs [Doc. 114], and the plaintiff has responded to these objections. [Doc. 117.] The Court will address the objections more fully below.

---

[1]The Court notes that the first motion for fees and costs in this matter indicates that a total of $187,708.76 in attorneys' fees is sought. [Doc. 94.] The Court cannot account for the $2,531.26 discrepancy and can only assume that the total provided in the motion is in error, as it is not supported by the itemizations provided by counsel.

4

B. **Calculation of Lodestar Fee**

Having determined the scope of the fees and costs claimed, the Court turns to the issue of the reasonableness of the fees charged by Hance's counsel.

"'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)). In deciding what constitutes a reasonable fee, the Court begins with determining the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

One of the most important factors for the Court to consider in calculating the lodestar amount is the result obtained.[2] Adcock-Ladd, 227 F.3d at 349. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435. In the present case, while the plaintiff's first two claims were dismissed, he did prevail on his fourth

---

[2]The Court also may consider the following additional factors in calculating the basic lodestar fee and/or adjustments thereto:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Adcock-Ladd, 227 F.3d at 349 n.8 (quoting Reed, 179 F.3d at 471-72 n.3).

5

claim and received an award of $352,845.93. Accordingly, the Court finds that the plaintiff achieved excellent results in this case.

Even if an excellent result is achieved, however, a Court, within its discretion, may reduce the total number of hours claimed if they are unreasonable. Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., 2003 WL 223082, at *3 (W.D. Tenn. Jan. 30, 2003). "The question is not whether a party prevailed on a particular motion, nor whether, in hindsight, the time expended was strictly necessary to obtain [the] relief achieved; instead, the question is whether a reasonable attorney would believe the work to be reasonably expended in pursuit of success at the time when the work was performed." Id. The plaintiff has the burden of demonstrating that the amount of hours claimed is reasonable. See Blum v. Stenson, 465 U.S. 886, 897 (1984).

The defendants have raised multiple objections to the number of hours billed by plaintiff's counsel, as well as an objection to Stayart's hourly rate. The Court will address each of these objections in turn.

### 1. **Objection to fees for work on Counts I and II of the complaint**

The defendants' first object to any award of fees for work related to Counts I and II of the complaint. The defendants argue that Counts I and II were dismissed, thus Hance was not a prevailing party as to those claims. Additionally, the defendants point out that Hance is receiving fees under the fee shifting provision of USERRA, 38 U.S.C. § 4323(h)(2).[3] The defendants argue that while Counts II and III were brought under USERRA, Count I was brought under the RLA,

---

[3]"In any action or proceeding to enforce a provision of this chapter by a person under subsection (a)(2) who obtained private counsel for such action or proceeding, the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." 38 U.S.C. § 4323(h)(2).

6

which lacks a fee shifting provision. The plaintiff has responded to the defendants' objection, arguing that he should be awarded fees as to Counts I and II. The plaintiff contends that the work on Counts I, II, and III overlapped, and thus an award of all of the plaintiff's fees is both appropriate and necessary.

"Prevailing party" status is not altered simply because a party did not obtain relief on all of his or her original claims or against each original defendant. See Reed v. Cracker Barrel Old Country Store, Inc., 171 F. Supp. 2d 751, 754 (M.D. Tenn. 2001) (holding that plaintiff was a "prevailing party" entitled to recover attorney's fees and costs even though plaintiff did not succeed on all claims at trial and the court dismissed some claims on a motion for summary judgment). When awarding attorney's fees to a prevailing party who did not succeed on every claim, however, "a district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461 U.S. at 434. The task of separating time spent litigating unsuccessful claims can be a complicated one, as cases often "involve overlapping factual issues and related legal theories." Reed, 171 F. Supp. 2d at 764. Additionally, the Sixth Circuit has held that:

> a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.

Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1169 (6th Cir. 1996)(citations omitted).

Count I of the complaint sought to overturn the Public Law Board's arbitration decision. More specifically, after Hance's termination by Norfolk Southern, UTU filed a grievance on his behalf. The grievance was submitted to the Public Law Board for resolution. The Public Law

7

Board found that Norfolk Southern had properly terminated Hance's employment, meaning that there was no violation of the USERRA, and denied the grievance. Count II alleged that Norfolk Southern and Webster violated the rest provision of the USERRA by ordering Hance back to work without providing him with the appropriate rest period after his return from active duty. Count III alleged that Norfolk Southern and Webster discriminated against Hance because of his military service in violation of the USERRA.

Having analyzed all of Hance's claims, the Court finds that each of the three Counts relates to the defendants' alleged wrongful termination of Hance's employment, with the facts surrounding Hance's dismissal forming a "common core of facts" that effectively intertwines the three related claims. Thurman, 90 F.3d at 1169. Accordingly, the Court finds that Counts I, II, and III are related, and, therefore, that it would be inappropriate to treat Counts I and II as distinct claims and to disallow any time spent on those claims. Accordingly, the Court **RECOMMENDS** that the defendants' first objection be overruled.

2. **Objection to duplication of labor because of Hance's change in counsel**

The defendants next object to being billed for the duplication of work necessitated by Hance's midstream change of counsel in February, 2006. The defendants contend that attorney Allison billed approximately 10.3 hours between January 19, 2006, and February 21, 2006, for initial meetings with Hance, reviewing the case history, and obtaining copies of the file from Stayart. The defendants further contend that attorney Davidson similarly billed approximately 11.7 hours between February 6, 2006, and February 13, 2006, for initial meetings with Hance and reviewing the case file and applicable law. Finally, the defendants request that the Court further reduce the allowed fees to account for any additional duplication of labor.

It has been held in this District that "a midstream change in counsel can create duplicative work and that 'plaintiffs are not entitled to a fee award for the duplicative work occasioned by their midstream change of counsel.'" Deal v. Hamilton County Dep't of Educ., No. 1:01-cv-295, 2006 U.S. Dist. LEXIS 76324, at *24 (E.D. Tenn. Aug. 1, 2006) (quoting Sun Pub. Co., Inc. v. Mecklenburg News, Inc., 594 F. Supp. 1512, 1517-18 (D.C. Va. 1984), abrogated on other grounds by La Vay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987)). In light of this jurisprudence, the Court finds that it is unreasonable to charge the defendants for the duplicative work necessitated by Hance's voluntary change of counsel mid-litigation. Accordingly, the Court **RECOMMENDS** that the defendants' second objection be sustained, that attorney Allison's fee be reduced by 10.3 hours, and that attorney Davidson's fee be reduced by 11.7 hours to account for this duplication of services. The Court also finds that there is additional duplication of services in the amount of time spent preparing for trial by attorneys Davidson and Allison, but that issue will be addressed below.

  **3.** **Objection to time spent preparing the unfiled motion for summary judgment on Count III**

The defendants next object to being charged for any time plaintiff's counsel spent preparing the motion for summary judgment on Count III, as no such motion was filed by the plaintiff in this case. The defendants contend that attorney Stayart spent 11.75 hours working on the motion, while attorney Allison spent an additional 23 hours on the motion. The plaintiff disagrees, arguing that attorney Stayart's fee should be allowed because attorney Stayart did not choose to abandon the motion, but instead was precluded from filing it by Hance's decision to terminate Stayart as counsel.

The Court finds that it would be unreasonable to allow counsel to charge the defendants for work on a motion that was never actually filed. Dye v. Bellsouth Telcoms., Inc., 462 F. Supp. 2d 845, 857 (W.D. Tenn. 2006) (holding that time counsel spent preparing a proposed pretrial order that was never filed or submitted to opposing counsel should be disallowed). That Stayart would have filed the motion had he remained on the case does not alter the fact that Hance voluntarily chose to terminate Stayart as counsel and that the motion was never filed. To rule otherwise would effectively grant the plaintiff a windfall by forcing the defendants to pay for wasted labor caused by Hance's decision to change counsel. Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (holding that an award of attorney's fees is not intended to serve as a windfall).

In reviewing attorney Allison's time sheet, the Court is unable to determine whether the 23 hours identified by defense counsel were spent working on a motion that was never filed, or were instead spent preparing a response to the defendants' motion for summary judgment as to Count III. Given that the plaintiff did file a response to the defendants' motion [Doc. 50], it is clear that at least a portion of Allison's time was spent preparing a response. As the Court noted above, it is the plaintiff's burden to prove that requested fees are reasonable. See Blum v. Stenson, 465 U.S. 886, 897 (1984). Given the ambiguity created by the plaintiff's failure to fully identify how the time in question was spent, the Court finds that a 50% reduction of the time associated with Allison and a 100% reduction of the time associated with Stayart would be appropriate. Accordingly, the Court **RECOMMENDS** that the defendants' third objection be sustained, that Stayart's time be reduced by 11.75 hours, and that Allison's time be reduced by 11.5 hours.

### 4. Objection to duplicative and unnecessary time spent preparing for trial

The Defendants next object to the duplication of effort by attorneys Davidson and Allison in their trial preparations. The defendants contend that the time log of Allison lists approximately 78 hours as "organization of docs. trial prep" and "trial prep - testimony/exhibits," while the time log of Davidson lists approximately 95.4 hours as "trial preparation." To account for this duplication, the defendants request that the fees for trial preparation be reduced by half.

One of the factors the Court must consider when determining the reasonableness of hours billed is "whether [one] lawyer . . . unnecessarily duplicated the work of co-counsel." Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986). The Sixth Circuit has recognized that district courts have discretion to "take . . . duplication into account by making a simple across-the-board reduction by a certain percentage." Hudson v. Reno, 130 F.3d 1193, 1208 (6th Cir. 1997) (affirming lower court's reduction of prevailing party fees by 25% "to account for duplication of effort in trial, trial preparation, and the pre-trial conference"), rev'd on other grounds, Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001); Cleveland Area Board of Realtors v. City of Euclid, 965 F. Supp. 1017, 1022 (N.D. Ohio 1997) (reducing fee award by 10% for excessive and duplicative work). Additionally, it has been held in this District that:

> Plaintiff's counsel are entitled to compensation for all hours reasonably expended on their successful claims, but they are not entitled to compensation for hours attributable to "overkill" or to the assumption that 'the stand of service to be rendered and compensated is one of perfection, the best that illimitable expenditures of time can achieve." Similarly, because more experienced attorneys charge higher rates for their services, they are expected to perform legal work in an expedited manner.

Deal v. Hamilton County Dep't of Educ., No. 1:01-cv-295, 2006 U.S. Dist. LEXIS 76324, at *23-24 (E.D. Tenn. Aug. 1, 2006) (quoting Knop v. Johnson, 712 F. Supp. 571, 578 (W.D. Mich. 1989).

After reviewing the time logs in this case, the Court finds that there is an additional level of duplication of effort not previously accounted for, as well as an excessive amount of work billed throughout the case. To account for this duplication and excess, the Court **RECOMMENDS** that the defendants' fourth objection be sustained in part and that a 10 percent reduction be applied to the allowed time after all other adjustments. The Court feels that such a reduction will fully account for any remaining duplication of effort and will reduce the hours billed to a level appropriate for the caliber of attorneys involved.

5. **Objection to Stayart's billing for administrative tasks**

The defendants next object to attorney Stayart's billing for administrative tasks at his full hourly rate. The defendants point to 18.25 hours that Stayart spent performing administrative tasks, such as locating, faxing, mailing, copying, collating, and bates numbering documents. The defendants also identify 4 additional hours Stayart spent retrieving documents from the Court's website, resolving issues related to the Court's electronic filing system, and notifying various non-parties of the Court's ruling in this case. The defendants contend that it is unreasonable for an attorney to charge his full hourly rate for clerical tasks and ask that the hours either be disallowed or that the hourly rate for those hours be reduced. The plaintiff disagrees, contending that the time spent by Stayart was necessary for Stayart to stay in proper communication with his client and to familiarize himself with the case.

Initially, the Court notes that Stayart billed 1 hour on April 16, 2007, for sending letters regarding the District Court's decision to a Ms. Morrison, Captain Wright, Mr. Broader, and Mr. Colbert. The Court finds that it would be unreasonable to charge the defendants for this time. Given that Judge Phillips had already ruled at that time, and given that attorney Stayart had been

12

fired by Hance more than a year prior, the Court does not find that "a reasonable attorney would believe [informing non-parties of the District Court's decision] to be [effort] reasonably expended in pursuit of success at the time when the work was performed." Anglo-Danish Fibre Indus., Ltd. v. Columbian Rope Co., 2003 WL 223082, at *3 (W.D. Tenn. Jan. 28, 2003). Thus, Stayart's allowed time should be reduced by 1 hour.

With respect to the other entries objected to by the defendants, as the defendants noted, an award of attorney's fees is, by definition, compensation for legal work, not clerical work. Ferrero v. Henderson, 3:00CV00462, 2005 U.S. Dist. LEXIS 15246, at *8 (S.D. Ohio July 28, 2005) (excluding hours that the plaintiff's attorney billed for clerical work at the rate of $300 per hour). Accordingly, the Court finds the following charges to be unreasonable clerical expenses that should be disallowed: TS# 133 ("locate and fax court scheduling order to client"); TS# 151 ("fax three documents to client/proposed written discovery for NS/Webster"); TS# 154 ("copy, collate, mail Plaintiff's discovery - Notice to Produce/(2) sets of Interrogatories"). These entries account for 1 hour of Stayart's total time. The Court finds the following charges to be 50% clerical (the portion relating to locating, bates stamping, copying, and collating documents) and 50% attorney (the portion relating to the review of documents), and thus should be reduced by 50%: TS# 292, 301, 310, 344, and 356. These entries total 16.5 hours, and thus Stayart's time should be reduced by an additional 8.25 hours. In light of these findings, the Court **RECOMMENDS** that the defendants' fifth objection be sustained in part and that Stayart's billable time be reduced by 10.25 hours.

## 6. Objection to Stayart's time spent preparing the "Log of Dirty Tricks"

The defendants next object to the time spent by Stayart preparing a "Log of Dirty Tricks" ("LDT"). The defendants contend that the LDT was included in Hance's response to the defendants' interrogatories. The defendants further contend that the LDT was completely irrelevant, as evidenced by that fact that it was in no way used at trial. The plaintiff disagrees, arguing that the LDT identified the defendants' alleged willful violations of the USERRA, necessary to suport Hance's claim of liquidated damages. The Court finds that, while the information might have been presented in a novel manner, in that it discusses "tricksters" and "dirty tricks," the time spent preparing the LTD was, at the time, reasonably calculated to aid in the success of the claim of liquidated damages, and thus should be allowed. The Court further finds that the 10% reduction previously discussed above accounts for any excess billing with respect to the LTD. Accordingly, the Court **RECOMMENDS** that the defendants' objection to this part of Stayart's fee claim be overruled.

## 7. Summary of reasonable time expended not related to the fee petition

Having addressed each of the defendants' objections as to the number of hours billed by plaintiff's counsel, the Court will now set forth the total number of hours reasonably expended but not related to the fee petition. The number of hours reasonably expended in the litigation of the fee petition is addressed below.

<u>Attorney Stayart</u>

| | |
|---|---|
| Total Hours Requested (not related to fee petition): | 352.25 |
| Disallowed Hours: | -22.00 |
| Sub-total | 330.25 |
| Less 10% Reduction: | -33.00 |
| Total Allowed Non Fee Petition Hours: | 297.25 |

Attorney Allison

| | |
|---|---|
| Total Hours Requested (not related to fee petition): | 269.60 |
| Disallowed Hours: | -21.80 |
| Sub-total | 247.80 |
| Less 10% Reduction: | -24.80 |
| Total Allowed Non Fee Petition Hours: | 223.00 |

Attorney Davidson

| | |
|---|---|
| Total Hours Requested (not related to fee petition): | 136.05 |
| Disallowed Hours: | -11.70 |
| Sub-total | 124.35 |
| Less 10% Reduction: | -12.40 |
| Total Allowed Non Fee Petition Hours: | 111.95 |

**8. Court's analysis of time spent preparing the fee petition**

In performing its reasonableness analysis, one of the issues the Court must address is whether the amount of time spent litigating the fee petition is reasonable. The Sixth Circuit has held that "time spent preparing, presenting, and trying attorney fee applications is compensable," but it has also placed a cap on the number of hours that may be billed for such work. Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986). "In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." Id.

This case was resolved through a bench trial, so the number of hours allowed for the litigation of the attorneys' fees issue is capped at 5 percent of the time spent in the main case. The Court finds no unusual circumstances which would require waiving that cap. The Court notes that Attorney Stayart spent 60.5 hours on the fee petition, and has a total of 297.25 hours allowed for the litigation of the main case. The 5 percent cap for attorney Stayart is 14.9 hours, thus his request for

15

time spent on the fee petition should be reduced by 45.6 hours. Attorney Allison spent 4.3 hours working on the fee petition, which is well within his 5 percent cap. Attorney Davidson did not bill for the fee petition. In light of these findings, the Court **RECOMMENDS** that attorney Stayart be allowed 14.9 hours for his work on the fee petition, a reduction of 45.6 hours. The Court notes that attorney Stayart has also requested additional hours related to his response to the defendants' objection to the fee petition. As attorney Stayart is already at the 5 percent cap for work related to the fee petition, the Court **RECOMMENDS** that request be denied.

9. **Objection to hourly rate**

Having determined the number of hours reasonably expended, the Court must now determine a reasonable hourly rate. The defendants object to Stayart's hourly rate of $250.00, arguing that the rate is too high for the relevant community of Knoxville, Tennessee. The defendants have no objection to the $200.00 rate charged by Davidson and Allison. The plaintiff disagrees, arguing that Stayart's hourly rate is reasonable.

In determining a reasonable hourly rate, the Court must initially examine the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). In cases where an attorney from another jurisdiction voluntarily represents a party in a lawsuit, the Sixth Circuit has held that the "relevant community" is the legal community in the jurisdiction where the suit is filed:

> [W]hen a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the "relevant community" for fee purposes to constitute the legal community within that court's territorial jurisdiciton; thus the "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign

> counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices, at least where the lawyer's reasonable "home" rate exceeds the reasonable "local" charge.

Adcock-Ladd, 227 F.3d at 350.

In Hudson v. Reno, 130 F.3d 1193 (6th Cir. 1997) abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001), the plaintiff's lawyer, an attorney from Washington, D.C., had requested a rate of $225 to $300 for his work in the case. The trial court awarded the plaintiff's attorney fees at the rate of $150, the then-prevailing rate in Knoxville, Tennessee. The Sixth Circuit affirmed that decision, stating as follows:

> [T]his Court has made clear that it is not an abuse of discretion for a court to apply local market rates. Thus, a renowned lawyer who customarily receives $250 an hour in a field in which competent and experienced lawyers in the region normally receive $85 an hour should be compensated at the lower rate.

Id. at 1208 (citations and quotation marks omitted).

Given that attorney Stayart voluntarily accepted this case and filed it in the Eastern District of Tennessee, his petition for an award of fees must be governed by the local market rates. Thus, the Court must determine whether a rate of $250.00 per hour is reasonable for the Eastern District of Tennessee. After considering the twelve Reed factors, the Court finds that the factors weigh in favor of allowing Stayart an hourly rate of $250.00. The time and labor required, the novelty and difficulty of the issues, and the experience, reputation, and ability of Stayart weigh most strongly in favor of the requested hourly rate, while the remaining factors all weigh slightly in Stayart's favor. Additionally, the Court notes that it has previously ruled that an hourly rate of $250.00 was reasonable for an experienced attorney handling an employment discrimination case. Killian v. Yorozu Automotive Tennessee, Inc., No. 4:02-CV-39, slip op. at 4-5 (E.D. Tenn. Oct. 6,

17

2006). The Sixth Circuit has also approved an hourly rate of $250.0 for Title VII work in the Western District of Tennessee. Isabel v. City of Memphis, Nos. 03-5912/5914/6011/6231, 2005 U.S. App. LEXIS 5874, at *415-16 (6th Cir. April 11, 2005). Accordingly, the Court finds that $250.00 is a reasonable hourly rate for the work performed by Stayart in this case. Accordingly, the Court **RECOMMENDS** that the defendants' objection to Stayart's hourly rate be overruled, that Stayart be reimbursed for his reasonable hours expended at a rate of $250.00 per hour, and that Allison and Davidson be reimbursed for their reasonable hours expended at a rate of $200.00 per hour.

          **10.**    **Objection to litigation costs**

Finally, the defendants object to the litigation costs in this case, claiming that they are not supported by adequate documentation and should be reduced by half. The plaintiff disagrees, arguing that the requested costs are reasonable. Hance contends that he offered to provide the defendants with copies of receipts, but that the defendants never requested the receipts. Having examining the claimed costs, the Court finds them to be reasonable and **RECOMMENDS** that the defendants' objection to the litigation costs be overruled.

## III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED**[4] that the plaintiff's fee petitions [Docs. 94, 98] be **GRANTED** and that plaintiff Hance be awarded fees and costs as follows:

| | | |
|---|---|---|
| Stayart's fees: | 312.15 hours x $250 hourly rate = | $78,037.50 |
| Allison's fees: | 227.3 hours x $200 hourly rate = | $45,460.00 |
| Davidson's fees: | 111.95 hours x $200 hourly rate = | $22,390.00 |
| Costs: | | $5,001.57 |
| TOTAL | | $150,889.07 |

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).