UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY WAYNE HANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:04-CV-160 |
| ) | (Phillips/Guyton) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| Et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On September 21, 2007, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a nineteen-page Report and Recommendation ("R&R") [Doc. 119] in which he recommended that plaintiff Kelly Wayne Hance be awarded $145,887.50 in attorney's fees and $5,001.57 in costs, pursuant to plaintiff's application for attorney fees and costs [Doc. 94] and motion for attorney fees and litigation expenses [Doc. 98].

This matter is presently before the court on plaintiff's timely objections to the R&R [Doc. 120], as well as defendant Norfolk Southern Railway Company's ("Norfolk Southern") timely objections to the R&R [Doc. 121]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b), the court has undertaken a *de novo* review of those portions of the R&R to which plaintiff and defendant Norfolk Southern object. For the reasons that follow, the court finds itself in complete agreement with Judge Guyton's thorough analysis of the legal issues regarding the award of attorney's fees and costs to plaintiff. Consequently, both plaintiff and defendant Norfolk Southern's objections will be overruled, the R&R will be accepted in whole, and plaintiff will be awarded $145,887.50 in attorneys' fees and $5,001.57 in costs.

I.

Plaintiff objects, with regard to Attorney Stayart, to Judge Guyton's recommendation that plaintiff's award be reduced by ten percent, after all other adjustments, to account for the duplication of effort precipitated by the change of counsel as well as an excessive amount of work billed. [Doc. 119, p. 12]. Plaintiff further objects to Judge Guyton's recommendation that Attorney Stayart's hours spent preparing the fee petition be reduced by 45.6 hours. [Doc. 119, p. 16].

With regard to plaintiff's first objection, plaintiff argues that an across-the-board reduction is unwarranted, as Attorney Stayart "did not 'duplicate' the work of any other attorney in this case" and "never withdrew from this cause." [Doc. 120, p. 3]. In support of his position, plaintiff cites Third Circuit precedent. [Doc. 120, p.3]. This court, however, agrees with Judge Guyton's analysis. Though Attorney Stayart may not have personally performed any of the duplicative work, the fact remains that plaintiff Hance found it appropriate to switch counsel. Thus attorney Stayart may still be held responsible for duplicate labor necessitated by this switch. Moreover, plaintiff fails to acknowledge that Judge Guyton's recommendation also accounted for "excessive ... work billed throughout the case." [Doc. 119, p. 12]. Judge Guyton also found that such a reduction would "reduce the hours billed to a level appropriate for the caliber of attorneys involved." [Doc. 119, p. 12]. Plaintiff citing no compelling basis for a finding to the contrary, this court is in agreement with Judge Guyton's recommendation. Plaintiff's objection on this basis will therefore be overruled.

With regard to plaintiff's second objection, plaintiff argues for an alternative cap, one that would still afford him a complete award of the hours billed, and alternatively for a departure from the cap dictated in *Coulter v. Tennessee* due to "unusual circumstances."

First, plaintiff takes it upon himself to suggest an alternative formula for a cap: rather than calculate a cap based on a percentage of hours worked, plaintiff proposes this court implement a cap based on a percentage of the judgment awarded plaintiff. [Doc. 120, p. 6]. Yet it is unclear

the basis for plaintiff's proposed cap. Though plaintiff correctly asserts that a cap on fees for time spent preparing fee petitions is a guideline, rather than a rule, *see Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (referring to the cap as a guideline), plaintiff cites no precedent dictating that the court depart from this basis of calculation. As Judge Guyton stated, in the Sixth Circuit, an attorney may be recompensed for time preparing attorney fee petitions, but

> [i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% *of the hours* in the main case when the issue is submitted on the papers without a trial and should not exceed 5% *of the hours* in the main case when a trial is necessary.

*Id.* Plaintiff cites no basis for departing from this guideline and calculating a cap based on the monetary award achieved for the plaintiff. To do so would most certainly would result in a windfall to the plaintiff, a result which is to be avoided.

Additionally, plaintiff argues that any cap be ignored because of "unusual circumstances" in this case. [Doc. 120, p. 6]. Judge Guyton found no such unusual circumstances. [Doc. 119, p. 15]. Though plaintiff argues that his firing, his unfamiliarity with this court, and the defendant's vigorous attack of his fee request constitute "unusual circumstances," this court agrees with Judge Guyton. It is hardly unusual for a client to change counsel, for counsel to litigate in unfamiliar fora, and for a defendant to vigorously oppose a fee request. Plaintiff's objection on this basis will therefore be overruled.

Accordingly, this court is in complete agreement with Judge Guyton's recommendations. Plaintiffs' objections to the R&R are therefore overruled.

II.

Defendant Norfolk Southern objects to Judge Guyton's finding that Counts I, II, and III of plaintiff's claim are sufficiently related such that time spent on Counts I and II should not be disallowed from any fee award. [Doc. 119, p. 8]. Defendant also objects to Judge Guyton's determination that $250 is a reasonable hourly rate and recommendation that Attorney Stayart be reimbursed at that rate.

First, defendant Norfolk Southern argues that Judge Guyton subverted the "plain

language" of § 4323(h)(2) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the relevant section allowing the prevailing party to recover reasonable attorney fees and expenses. Defendant claims that the "plain language ... precludes an award of attorney's fees and costs relating to Hance's Count I claim under the [Railway Labor Act]." [Doc. 121, p. 5].

Defendant ignores, however, the Sixth Circuit precedent which Judge Guyton correctly cited. "When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating claims should not be reduced." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) (citations omitted). Defendant asserts that an award with regard to Count I of this claim "extend[s] the reach of the USERRA attorney's fee provision to any and all claims so long as a USERRA claim was simultaneously pursued." [Doc. 121, p. 6]. Such was not Judge Guyton's finding. Rather, Judge Guyton found that a " 'common core of facts' ... effectively interwines the three related claims." Thus, this case falls squarely within the bounds of *Thurman.* Moreover, defendant cites no Sixth Circuit precedent requiring this court to depart from *Thurman.* Because of the common core of facts, this court accepts Judge Guyton's recommendation and overrules defendant's objection on this basis.

Second, defendant argues that Judge Guyton erred in recommending an award of attorney fees for Attorney Stayart's work at the rate of $250 per hour. Defendant argues that the "determination that $250 is the prevailing market rate is not supported by the record." [Doc. 121, p. 7]. After reviewing the record, this court agrees with Judge Guyton's determination that $250.00 per hour is reasonable for the Eastern District of Tennessee, given local rates for "time and labor required, the novelty and difficulty of the issues, and the experience, reputation, and ability of Stayart." [Doc. 119, p. 17]. Accordingly, defendant's objection on this basis is overruled.

4

This court is therefore in agreement with Judge Guyton's recommendations. Accordingly, defendant Norfolk Southern's objections will be overruled.

III.

For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, plaintiff's objections to the R&R [Doc. 120] and defendant Norfolk Southern's objections to the R&R [Doc. 121] are hereby **OVERRULED** in their entirety.  The R&R is **ACCEPTED IN WHOLE.** Accordingly, plaintiff Kelly Wayne Hance is awarded **$145,887.50** in attorneys' fees and **$5,001.57** in costs.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge