UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY W. HANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:04-CV-160 |
| ) | (PHILLIPS/GUYTON) |
| V. ) | |
| ) | |
| NORFOLK SOUTHERN RAILWAY CO., *et al.*, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 141] referring the Plaintiffs' Motion for Accounting [Doc. 140] to this Court for disposition or report and recommendation as may be appropriate. On February 23, 2011, the Court held a final show cause hearing to address Attorney Gregory Stayart's repeated failure to appear before the Court. Attorney Tracy Smith was present representing the Plaintiff. The Plaintiff was also present. Attorney Gregory Stayart, who is the subject of the original Motion for Accounting, was not present.

I.  **BACKGROUND**

Prior to the hearing held February 23, 2011, the Court held two other hearings to address the Motion for Accounting. [See Docs. 144, 146]. Gregory Stayart, an attorney who previously served as counsel in this matter and whose fees are at issue in the Motion for Accounting, was sent notice of both of these hearings at his last known mailing address, an address which is listed as his address of record with the Illinois Bar Association: Stayart Law Offices, N5577 Cobblestone Road, Elkhorn, WI 53121-3820. [See Docs. 143 and 147].

In the hearing held December 20, 2010, the Court granted the Motion for Accounting and ordered that Mr. Stayart appear before the Court on January 24, 2011, to make an accounting of the fees he collected in connection with the services he rendered in this matter. This Order [Doc. 144] was entered and sent, via certified mail, to Mr. Stayart on December 22, 2010. This mailing was returned as "Unclaimed." [Docs. 147].

On January 24, 2011, the Court held a hearing to account for the fees paid in connection with this matter. Attorney Stayart did not appear. At the hearing, the Plaintiff made an oral motion for sanctions and attorney's fees based upon Mr. Stayart's failure to appear and failure to obey the Court's Order [Doc. 145]. The Court found this request to be well-taken. The Court ordered the Plaintiff to file evidence of the attorney's fees expended in addressing this issue. On January 28, 2011, the Plaintiff filed an Affidavit in Support of Oral Motion for Sanctions Against Attorney Gregory A. Stayart [Doc. 148], requesting an award of $1,230.00 in attorney's fees.

In an Order [Doc. 149] entered January 31, 2011, the Court directed that Mr. Stayart appear and show cause why the Plaintiff's request for fees should not be granted at a hearing to be held February 23, 2011. Like the other notices, this notice was sent, via certified mail, to Mr. Stayart, care of Stayart Law Offices, N5577 Cobblestone Road, Elkhorn, WI 53121-3820, on January 31, 2011. Nonetheless, Mr. Stayart failed to appear at the hearing held February 23, 2011.

## II. ANALYSIS

Having been presented with no evidence to the contrary, the Court finds that the Plaintiff's request for an award of attorney's fees is well-taken. The Court has considered the factors identified by the Court of Appeals for determining when sanctions are appropriate. See Mulbah v. Detroit Bd. of Edu., 261 F.3d 586 (6th Cir. 2001). The Court finds that: Mr. Stayart's failure to appear is, at

least, willful; the Plaintiff has been prejudiced by Mr. Stayart's actions because he has been unable to obtain an explanation for what appears to be double-billing; Mr. Stayart was specifically advised that his failure to obey the Court's order to appear would result in sanctions; and an award of attorney's fees would be the least drastic sanction the Court could impose to adequately address the situation before it.

Further, because the Plaintiff's previous calculation of attorney's fees expended does not include preparation for and time expended in the show cause hearing held February 23, 2011, the Court will add $600.00 to the requested fees, to compensate Plaintiff for these additional expenditures.

## III.  CONCLUSION

Accordingly, the undersigned **RECOMMENDS**[1] that the District Judge enter an order and direct the entry of a judgment, awarding the Plaintiff **$1,830.00** in attorney's fees and expenses, based upon Mr. Stayart's repeated failure to obey the orders of this Court.

> Respectfully submitted,
>
>     s/ H. Bruce Guyton
> United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).