UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY W. HANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:04-CV-160 |
| | ) (PHILLIPS/GUYTON) |
| V. | ) |
| | ) |
| NORFOLK SOUTHERN RAILWAY CO., *et al.*, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 193] referring Gregory A. Stayart's "Motion to Dismiss Motion for Accounting and to Vacate Rule to Show Cause" [Doc. 154] to this Court for disposition. In his motion, Mr. Stayart asks the Court to dismiss the Motion for Accounting [Doc. 140] filed by Plaintiff Kelly Hance on July 19, 2010, and to vacate the Order to Show Cause [Doc. 149] entered January 24, 2011. [Doc. 154 at 1]. In response, Mr. Hance has filed a Motion to Strike or in the Alternative Deny the Respondent Gregory Stayart's Motion to Dismiss and Request to Vacate Ruling to Show Cause [Doc.196].

**I.     BACKGROUND**

Gregory Stayart is an attorney who previously served as counsel in this matter. The fees charged and collected by Mr. Stayart in connection to this case were at issue in the Motion for Accounting and the Show Cause order that Mr. Stayart now asks the Court to vacate.

The Motion for Accounting was filed July 19, 2010. It was referred to the undersigned for disposition on October 12, 2010, and on October 27, 2010, the Court sent notice to the parties that the Court would address the motion at a hearing on December 20, 2010, at 1:30 p.m. The Court mailed notice of this hearing, via certified mail, to Mr. Stayart's last known mailing address: Stayart Law Offices, N5577 Cobblestone Road, Elkhorn, WI 53121-3820.[1] The notice of hearing sent to Mr. Stayart was returned to the Court as "Return to Sender: Unclaimed: Unable to Forward." [Doc. 143].

Mr. Stayart did not appear at the hearing held December 20, 2010. At the hearing, the Court granted the Motion for Accounting and ordered that Mr. Stayart appear before the Court on January 24, 2011, to make an accounting of the fees he collected in connection with the services he rendered in this matter. This Order [Doc. 145] was entered and sent, via certified mail, to Mr. Stayart on December 22, 2010. This mailing was returned as "Return to Sender: Unclaimed: Unable to Forward." [Doc. 147].

On January 24, 2011, the Court held a hearing to account for the fees paid in connection with this matter. Attorney Stayart did not appear. At the hearing, the Plaintiff made an oral motion for sanctions and attorney's fees based upon Mr. Stayart's failure to appear and failure to obey the Court's Order [Doc. 145]. The Court found this request to be well-taken. The Court ordered the Plaintiff to file evidence of the attorney's fees expended in addressing this issue. On January 28, 2011, the Plaintiff filed an Affidavit in Support of Oral Motion for Sanctions Against Attorney Gregory A. Stayart [Doc. 148], requesting an award of $1,230.00 in attorney's fees.

---

[1] This address is listed as Mr. Stayart's address of record with the Illinois Bar Association, is the address Mr. Stayart supplied to the Clerk of Court for use in this case, and is the address that Mr. Stayart has listed as his address in his recent filings.

In an Order [Doc. 149] entered January 31, 2011, the Court directed that Mr. Stayart appear and show cause why the Plaintiff's request for fees should not be granted at a hearing to be held February 23, 2011. Like the other notices, this notice was sent, via certified mail, to Mr. Stayart, care of Stayart Law Offices, N5577 Cobblestone Road, Elkhorn, WI 53121-3820, on January 31, 2011. Nonetheless, Mr. Stayart failed to appear at the hearing held February 23, 2011.

On February 25, 2011, the undersigned entered a Report and Recommendation [Doc. 151], recommending that the District Judge award the Plaintiff $1,830.00 in attorney's fees and expenses, based upon Mr. Stayart's repeated failure to obey the orders of the Court. On May 18, 2011, the District Judge accepted the Report and Recommendation in its entirety. [Doc. 153].

On May 30, 2011, Mr. Stayart filed the instant motion.

## II.   ANALYSIS

Because Mr. Stayart's motion seeks to vacate orders that have already been entered by the Court, the Court must look to Rules 59 and 60 of the Federal Rules of Civil Procedure to evaluate this request, which is effectively a motion to reconsider.

### A.   Rule 59 of the Federal Rules of Civil Procedure

Rule 59 of the Federal Rules of Civil Procedure states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court of Appeals for the Sixth Circuit has interpreted the term "judgment" to refer to a judgment or a final order. Keith v. Bobby, 618 F.3d 594, 597 -598 (6th Cir. 2010)(citing Inge v. Rock Fin. Corp., 281 F.3d 613, 617 (6th Cir. 2002)). "[A] court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely." Keith, 618 F.3d

3

at 598.

The orders with which Mr. Stayart takes issue were post-judgment orders. The Order [Doc. 145] granting the Motion for Accounting was entered December 22, 2010. The Order to Show Cause [Doc. 149] was entered January 31, 2011. These orders were final orders. Mr. Stayart's Motion to Dismiss, which in substance is a motion to alter or vacate the Court's orders, was not filed until May 30, 2011. Thus, the Motion to Dismiss was not filed within 28 days of the entry of these orders and was not timely pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Even if Mr. Stayart's motion had been timely filed, the Court finds that substantively it does not contain factual or legal allegations or proof that would support granting Mr. Stayart's request to alter the judgment in this case.

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. CGH Transport, Inc. v. Quebecor World, Inc., 261 Fed. App'x 817, 823 (6th Cir. 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). Mr. Stayart has not demonstrated that the Court made a clear error of law, that the law controlling the Court's decision has changed, or that a manifest injustice would result from a failure to alter the judgment.

Based upon the foregoing, the Court finds that the Plaintiff's request to alter or amend the previously-entered order granting the Motion for Accounting and Order to Show Cause is not well-taken under Rule 59 of the Federal Rules of Civil Procedure.

**B. Rule 60 of the Federal Rules of Civil Procedure**

Rule 60 of the Federal Rules of Civil Procedure also provides relief from a final judgment, order, or proceeding. It provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court has reviewed Mr. Stayart's filings [Docs. 154-192, 197-199], and the Court finds that Mr. Stayart has not demonstrated grounds for relief from the Court's orders pursuant to Rule 60 of the Federal Rules of Civil Procedure. He has not demonstrated mistake, surprise, or excusable neglect, nor has he brought forth newly discovered evidence. He has not demonstrated that the orders were based upon fraud by the opposing party, nor has he shown that the orders are void. The orders have not been satisfied or discharged, and they have not been shown to be inequitable. Further, Mr. Stayart has not pointed the Court to, nor has the Court found, any other reason that would justify relief from the Court's orders.

## III. CONCLUSION

In sum, the Court finds that Gregory A. Stayart's Motion to Dismiss Motion for Accounting and to Vacate Rule to Show Cause **[Doc. 154]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

6
Case 3:04-cv-00160   Document 200   Filed 08/17/11   Page 6 of 6   PageID #: 571